NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 15 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE MARTIN BRACAMONTES-RODRIGUEZ, <br><br> Petitioner, <br><br> v. <br><br> MATTHEW G. WHITAKER, Acting Attorney General, <br><br> Respondent. | No. 16-73059 <br><br> Agency No. A087-429-221 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2018**
Seattle, Washington

Before: McKEOWN and FRIEDLAND, Circuit Judges, and BOLTON,*** District Judge.

Petitioner Jose Martin Bracamontes-Rodriguez, a citizen and national of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

Mexico, petitions for review of a Board of Immigration Appeals ("BIA") decision affirming an Immigration Judge's ("IJ") denial of withholding of removal under 8 U.S.C. § 1231(b)(3) and relief under the Convention Against Torture ("CAT"), *see* 8 C.F.R. § 1208.16(c). We hold that substantial evidence supports the BIA's decision, and we therefore deny the petition.

"Where, as here, the Board incorporates the IJ's decision into its own without citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), this court will review the IJ's decision to the extent incorporated."[1] *Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014). We apply de novo review to questions of law and defer to the Agency's factual findings under the substantial evidence standard, which treats them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

First, substantial evidence supports the Agency's conclusion that Bracamontes did not suffer past persecution that would give rise to a presumption of future persecution. *See* 8 C.F.R. § 1208.16(b)(1). He was never physically harmed in Mexico, and only vague threats were made against him personally.

Second, substantial evidence supports the agency's conclusion that Bracamontes does not face a likelihood of future persecution. Even assuming that his family qualifies as a particular social group and that mafia members seeking the

---

[1] We refer to the BIA and the IJ collectively as "the Agency."

2

family's land targeted Bracamontes's relatives based on their family membership, the family no longer owns the land and family members have been living in the family's hometown safely. Bracamontes argues that a remand under *Rios v. Lynch*, 807 F.3d 1123, 1126 (9th Cir. 2015), is appropriate. But in that case, unlike here, the BIA neglected to consider the noncitizen's family status at all. *Id.* Here, the Agency considered and rejected, for the reasons explained above, Bracamontes's claim that he would be persecuted based on his membership in his family. There is also no error in the Agency's conclusion that, even if Bracamontes had shown he would face danger in Mexico from associates of the man who killed his sister in the United States, his proposed particular social group—"the brother of his murdered sister"—cannot qualify as a protected group because it includes only him.

Finally, Bracamontes produced no evidence suggesting that he faced any *particularized* threat of torture at the hands of the Mexican government that would entitle him to CAT relief. Although he presented evidence that security forces in that country have tortured civilians or acquiesced in their torture, including in his home state, no evidence suggested that Bracamontes himself was at risk of such torture. A generalized risk of torture is not enough, absent some particularization, to support a CAT claim. *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008). Although local police attacked his family members years ago, that does not compel

3

the conclusion that Bracamontes himself would more likely than not be tortured today.

The petition for review is **DENIED.**